IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID A. DYE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. ASTRUE, Commissioner of the** )<br>**Social Security Administration,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION**<br><br>**No. 12-1427-KHV** |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, filed this social security appeal on November 16, 2012. This matter comes before the Court on plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #4) filed November 16, 2012. For reasons set forth below, the Court finds that plaintiff's motion should be sustained.

Under 28 U.S.C. § 1915, a district court may authorize commencement of a suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that "the person is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a); see Neitzke v. Williams, 490 U.S. 319, 324 (1989) (Section 1915 prevents courts from denying person opportunity to commence, prosecute or defend action solely because poverty makes it impossible to pay litigation costs). The district court has discretion whether to grant leave to proceed in forma pauperis, but it may not act arbitrarily or deny an application on erroneous grounds. United States v. Garcia, 164 Fed. Appx. 785, 786 n.1 (10th Cir. 2006).

Plaintiff's affidavit of financial status indicates that he has a total of $84 in cash and in bank accounts. Over the last year, his average monthly income consisted of $422 in unemployment

benefits and $200 in food stamps. Plaintiff's reported monthly expenses of $1,266 exceed his monthly income by $644. He states that he relies on loans from his parents to make up the shortfall. Plaintiff owns a 2013 Ford Taurus which he purchased with a $27,000 loan from his parents. Plaintiff has no equity in the car.

To succeed on his motion to proceed in forma pauperis, plaintiff must show a financial inability to pay the required filing fees. Lister v. Dept. of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Cf. Brewer v. City of Overland Park Police Dep't, 24 Fed. Appx. 977, 979 (10th Cir. 2002) (upholding denial of in forma pauperis status where plaintiff's income exceeded expenses by "a few hundred dollars"). Here, it is apparent that plaintiff's expenses exceed his income by a substantial amount. On the other hand, the Court notes that plaintiff has borrowed money from his parents to pay for a new car and for living expenses, and presumably could also borrow $350 to pay the filing fee. Given the (admittedly scant) case law on this issue, however, the Court declines to require plaintiff to obtain a loan to pay the filing fee. See Hines v. U.S. Att'y Gen., 857 F.2d 1469 (Table), 1988 WL 92898, at *2 (4th Cir. 1988) (district court abused discretion in denying plaintiff in forma pauperis status; court should not require plaintiff to obtain loan for filing fees where monthly income stream consumed by reasonable monthly living expenses). The Court finds that plaintiff's income and assets demonstrate financial inability to pay the filing fee.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Proceed Without Prepayment Of Fees (Doc. #4) filed November 16, 2012, be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Clerk shall issue summons to the United States Marshal, who is appointed pursuant to Fed. R. Civ. P. 4(c)(3). Plaintiff is directed to prepare and submit summons to the Clerk for service **IMMEDIATELY**.

Dated this 30th day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge